# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

vs.                                                                               Civil No. 98-912 LH/WWD
                                                                                   Crim. No. 97-350 LH

MARTIN SALINAS-ESCAJEDA,

    Defendant/Petitioner.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS OF FACT
## AND CONCLUSIONS OF LAW

    1. Petitioner has filed in this court a pleading entitled "Memorandum and Case Law in Support of Movant's Reduction of Sentence on Movant's 'Direct Appeal,'" which we treat as a petition under 28 U.S.C. §2255. The petition seeks a sentence reduction claiming that under United States Sentencing Guideline ("U.S.S.G.") §5C1.2 and U.S.S.G. §3B1.2, Petitioner was entitled to a reduction of four levels in the offense level scale of the sentencing guidelines under which he was sentenced.

    2. On October 6, 1997, Petitioner entered a plea of guilty to an information charging violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); and 18 U.S.C. §2. The offense was possession with intent to distribute less than 500 grams of cocaine. The Plea Agreement which was entered into by Petitioner and the United States provided that "[t]he defendant fully understands that determination of the sentencing range or guideline level, as well as the actual

sentence imposed, is solely in the discretion of the Court." It also contained certain non-binding stipulations regarding sentencing guidelines not here involved. In the Plea Agreement Petitioner waived his right to appeal any sentence within the guideline range as determined by the Court, and no appeal was taken.

3. Under U.S.S.G. §5C1.2., Limitation on Applicability of Statutory Minimum Sentences in Certain Cases, a sentencing court is allowed to disregard statutory minimum sentences if five enumerated conditions are met. Petitioner seeks a two point reduction in his base offense level; however, a two point reduction under §5C1.2 is allowed only if the offense level is 26. U.S.S.G. §2D1.1(B)(6). Petitioner's offense level is 22; therefore he cannot prevail on this portion of his claim.

4. Under U.S.S.G. §3B1.2, Mitigating Role, a "minor" or " minimal" participant in the criminal activity may be entitled to a reduction of from two to four points in the offense level in the guidelines. The reduction, if any, is not automatic. United States V. Carter, 971 F.2d 597, 599 (10th Cir. 1992). The finding by the sentencing judge that Petitioner was neither a "minor" nor a "minimal" participant in the criminal activity was not clearly erroneous under the circumstances where Petitioner claimed that he was "only the driver of the vehicle" which was being used in the transportation of the cocaine in question; therefore Petitioner cannot prevail on this portion of his claim.

5. Since the sentence imposed was within the sentencing guidelines; and since Petitioner had waived his right to appeal a sentence which was within the guidelines; Petitioner has no right to appeal the sentence imposed. Because the movant did not raise his § 2255 claim on direct appeal, his § 2255 motion is procedurally barred unless he can show cause and prejudice, or a

fundamental miscarriage of justice. <u>United States v. Allen</u>, 16 F.3d 377 (10th Cir. 1994); <u>accord</u>, <u>see</u> <u>U.S. v. Cook</u>, 997 F.2d 1312, 1320 (10th Cir. 1993), <u>accord</u> <u>United States v. Frady</u>, 456 U.S. 152, 168 (1982). Petitioner has made no such showing.

6. Failure to appeal a conviction based on a plea agreement which was beneficial to Petitioner and which specifically waived the right to appeal does not constitute "cause" to allow him to pursue an appeal in a collateral attack. Nor is a failure to appeal in these circumstances in any way ineffective assistance of counsel.

## Recommendation

I recommend that Defendant/Petitioner's Petition pursuant to 28 U.S.C. § 2255 be denied and that this cause be dismissed. Timely objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1)(C).

_____
UNITED STATES MAGISTRATE JUDGE